UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WMI INTERNATIONAL, LLC,

    Petitioner,

v.                          Case No. 8:13-cv-578-T-33EAJ

CARIBBEAN GROUP, LLC,

    Respondent.
_____/

**ORDER**

This matter comes before the Court in consideration of Petitioner WMI International, LLC's Motion for Default Judgment Against Respondent The Caribbean Group, LLC (Doc. # 11), filed on October 11, 2013. For the reasons that follow, the Court grants the Motion.

**I.    Background**

On March 1, 2013, WMI initiated this action against Caribbean Group to confirm an arbitration award. (Doc. # 1). WMI effected service upon Caribbean Group on May 21, 2013. (Doc. # 6-1 at 2). However, Caribbean Group has failed to respond to WMI's Petition to Confirm Arbitration Award or otherwise appear in this action.

On July 30, 2013, WMI filed a motion for entry of clerk's default (Doc. # 8), and the clerk entered default

against Caribbean Group on July 31, 2013 (Doc. # 9). On October 11, 2013, WMI filed the instant Motion for Default Judgment. (Doc. # 11). The Court has carefully reviewed the Motion and is otherwise fully advised in the premises.

## II. Legal Standard

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the

plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

### III. Discussion

According to the well-pled allegations of the Petition to Confirm Arbitration Award, the underlying action resulted from the breach of a consulting agreement between WMI and Caribbean Group in February of 2012. (Doc. # 1 at ¶ 6). The agreement specified that WMI would provide consulting services to Caribbean Group relating to a certain project in exchange for a non-refundable lump sum of $12,500.00 due upon execution of the agreement. (Id. at ¶¶ 7-8). Caribbean Group failed to pay WMI. (Id. at ¶ 9).

Subsequently, on March 15, 2012, Caribbean Group executed an addendum to the agreement pursuant to which Caribbean Group agreed to make an initial payment of $7,500.00 and a secondary payment of $5,000.00 "upon delivery of the Term Sheet/Loan Proposal." (Id. at ¶¶ 9-10). Despite WMI's performance, Caribbean Group refused to make any payment. (Id. at ¶ 11).

In July of 2012, WMI filed a demand for arbitration with the American Arbitration Association pursuant to the contract between the parties. (Id. at ¶ 12). At a final arbitration hearing in November of 2012, WMI prevailed on a

breach of contract claim against Caribbean Group. (Id. at ¶¶ 13-14).

The final arbitration award, dated December 4, 2012 (Id. at 7), provides that Caribbean Group shall pay WMI the sum of $14,925.00, which includes $12,500.00 in damages and $2,425.00 in arbitration costs (Id. at 3, 6). To date, Caribbean Group has not complied with the arbitration award and has failed to pay the sum awarded to WMI. (Id. at ¶ 16). Furthermore, Caribbean Group has not sought to vacate, modify, or challenge the arbitration award. (Id. at ¶ 17). Thus, WMI seeks confirmation of the arbitration award and the entry of judgment in favor of WMI and against Caribbean Group in the amount of $14,925.00 plus post-judgment interest and attorney fees. (Id. at 3).

In accordance with 9 U.S.C. § 9, the Court "must grant [an order confirming the arbitration award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." Any attempt to vacate or modify an award must occur within three months after the award is filed or delivered. See 9 U.S.C. § 12.

As a result of Caribbean Group's default, and because Caribbean Group has not sought to vacate, modify, or correct the award in this case, WMI is entitled to

4

confirmation of the relevant arbitration award. Thus, the Court directs the Clerk to enter judgment in favor of WMI in the amount set forth in the December 4, 2012, arbitration award: $14,925.00 plus post-judgment interest at the statutory rate of 4.75%. (Doc. # 1 at 6-7).

The Court notes that, within WMI's Petition to Confirm Arbitration Award, WMI requests an award of attorney fees and costs. (Doc. # 1 at 3). However, WMI has provided no legal memorandum setting forth a basis for such an award. Furthermore, the relevant arbitration award declined to award attorney fees to WMI, finding that "neither the Agreement nor the Addendum, nor Florida law cited by the Claimant, authorize[s] such an award in this action." (Id. at 6). In light of WMI's failure to provide a basis for the award of fees and costs in this matter, this Court similarly declines WMI's request for such an award.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Petitioner WMI International, LLC's Motion for Default Judgment Against Respondent The Caribbean Group, LLC (Doc. # 11) is **GRANTED.**

(2) The Clerk is directed to enter judgment for Petitioner WMI International, LLC and against Respondent

5

Caribbean Group, LLC in the amount of $14,925.00 plus post-judgment interest at the rate of 4.75% from the date of the arbitration award.

(3) After entry of judgment, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of November, 2013.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record